**Donzella TUBBS, Plaintiff–Appellant,**

v.

**FORMICA CORPORATION, Defendant–Appellee.**

No. 01–3876.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Geoffrey P. Damon, Damon Law Office, Cincinnati, OH, for Plaintiff–Appellant.

Keith P. Spiller, Thompson Hine, Cincinnati, OH, for Defendant–Appellee.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

### ORDER

Donzella Tubbs, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to the Americans with Disabilities Act of 1990(ADA), 42 U.S.C. § 12101 et seq. and Ohio Rev.Code § 4112.02. This case has been held in abeyance during Formica's bankruptcy proceedings in New York.

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

The bankruptcy judge has released his stay order so Tubbs's case may proceed on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not-needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Tubbs sued Formica alleging that Formica discriminated against her by not allowing her to return to her job. The evidence shows that Tubbs suffers from bipolar disease. Tubbs had been employed with Formica for twenty-three years. During this time, she had taken medical leave fourteen times. She was on leave for nine years of her first ten years of employment and worked only four years of her second ten years with Formica. Her longest period of uninterrupted employment with Formica has been seven months.

The case was tried before a jury between March 20, 2001, and March 28, 2001. However, the jury was unable to return a verdict. The district court subsequently granted Formica's renewed motion under Fed.R.Civ.P. 50(b)(2)(B) for judgment as a matter of law. The district court also awarded Formica $5,000 to repay a loan which Tubbs had arranged with the company.

In her timely appeal, Tubbs asserts that information was withheld from her employment file and union contract, that the court applied the wrong law, and that the $5,000 awarded to Formica could have been taken out of her paycheck if she had been permitted to return to work.

The court reviews de novo the grant of a motion for judgment as a matter of law. *Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1042 (5th Cir.1998). The court considers evidentiary matters drawing "all reasonable inferences in the light most favorable to the non-moving party." Judg-

ment as a matter of law is properly granted when " 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.' " *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing Fed.R.Civ.P. 50(a)).

█ Tubbs states that information was withheld from her employment file and union contract. She claims that the documents were valuable to her case and should have been submitted into evidence. It is unclear as to what Tubbs is referring to regarding her employment file. Tubbs was represented by counsel during the trial and her attorney received Tubbs's personnel and medical files from Formica prior to trial. In addition, more than forty exhibits from Tubbs's personnel file were submitted into evidence. As Tubbs does not provide specific details regarding her employment file and union contract, her claim is deemed to be waived for the purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

█ Tubbs also states that the district court failed to apply the correct law. Tubbs again fails to explain how the district court's decision was erroneous. For this reason alone, her argument is not reviewable on appeal. *Id.* However, given Tubbs's pro se status, an independent examination of the facts does not reveal any error of law by the district court.

The ADA prohibits covered entities from discriminating against qualified individuals with a disability. The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In turn, the ADA defines "disability" as:

"(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). To state a claim under the ADA, Tubbs must establish that: 1) she is an individual with a disability; 2) she is "otherwise qualified" to perform the job requirements, with or without reasonable accommodation; and 3) she suffered an adverse employment action solely by reason of her handicap. *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir.1996).

To establish a claim for failure to accommodate, Tubbs must also prove that she requested a reasonable accommodation. Formica argues that Tubbs only requested to return to work following a medical leave of absence. "A disabled employee who claims that he or she is otherwise qualified with a reasonable accommodation 'bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.'" *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633–34 (6th Cir.1998) (quoting *Monette*, 90 F.3d at 1183.).

According to the ADA, reasonable accommodation means:

(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9). Reasonable accommodations include transfers to vacant positions, but not indefinite leave.

In *Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 782 (6th Cir. 1998), the court stated that there was no per se rule that a leave of absence "could never constitute a 'reasonable accommodation' under the ADA." Courts are to conduct an individualized inquiry and "under appropriate circumstances," "a medical leave of absence can constitute a reasonable accommodation...." *Id.* at 783.

The evidence establishes that Formica accommodated Tubbs's disability for many years by allowing her to leave work to see Dr. Cooper for monthly Haldol injections. Dr. Grendel referred Tubbs to Dr. Stephen Meredith for an examination in 1991. Dr. Meredith stated in 1991 that Tubbs could return to work as long as she continued treatment with Dr. Cooper. Tubbs stopped seeing Dr. Cooper in 1995. Tubbs disrupted Formica's plant on March 22, 1996, and Tubbs was asked to leave. Upon her attempt to return to work, Tubbs was referred to Dr. Bibb for another examination. Based on Dr. Bibb's recommendation, Formica refused to return Tubbs to work.

■ Tubbs wants to be reinstated after each leave of absence. However, she refuses to follow the medical regime prescribed by her doctors which would permit her to return to work. This is not a request for a reasonable accommodation. Tubbs's past employment history shows that her repeated medical leaves of absence are not reasonable. In the twenty-three years she has worked at Formica, Tubbs has taken at least fourteen medical leaves of absence. Most of these absences are attributable to her mental illness. Tubbs does not establish any accommodation that she is willing to follow that would assist in managing her mental illness once she returns to work. As Tubbs has failed to identify an objectively reasonable ac-

commodation, Formica was entitled to judgment under Rule 50(b)(2).

■ Finally, Tubbs challenges the $5,000 award the district court gave Formica. The money was from a loan which she owed Formica. Tubbs does not contest the amount of the judgment. Rather, she argues that the money could have been taken out of her weekly paycheck if she was allowed to return to work. As Tubbs does not challenge the validity of the debt or the amount awarded by the court, Tubbs has not established that the district court committed reversible error.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.